IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELLY ANN DAVIS, ) | CIVIL NO. 16-00131 ACK-RLP |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION TO |
| ) | DISMISS THIS ACTION |
| vs. ) | |
| ) | |
| LAHAINA CRUISE COMPANY, INC., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION[1]

On December 5, 2016, at 10:00 a.m., a hearing was held on this Court's November 21, 2016 Order Granting in Part and Denying in Part Defendants' Motion for Sanctions and to Compel Plaintiff's Deposition, which directed Plaintiff, pro se, to appear and to show cause why this case should not be dismissed for her failure to comply with a court order and her failure to cooperate in discovery.  At the hearing, Ralph J. O'Neill, Esq. appeared telephonically on behalf of Defendants.  Plaintiff did not appear at the hearing or otherwise responded to the Court's Order.  As discussed below, the Court FINDS and RECOMMENDS that this action be dismissed with prejudice.

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b). Rule 41(b) grants courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders.  See, e.g., Pagano v. OneWest Bank, F.S.B., CV 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")); see also Fed. R. Civ. P. 37(b)(2)(A) (providing that sanctions for failure to comply with a discovery order may include dismissal).

The court must weigh five factors to determine whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Here, dismissal is appropriate given Plaintiff's

failure to failure to comply with prior court orders and to cooperate in discovery.  First, the public's interest in expeditious resolution of this litigation weighs heavily in favor of dismissal because this case has been pending for almost a year and Defendants have been unable to complete any discovery because of Plaintiff's failure to cooperate.  Second, the court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to obey this Court's orders and cooperate in discovery has interfered with the Court's ability to manage its docket.  Plaintiff failed to obey this Court's discovery order, failed to appear at the show cause hearing, and has taken no action to advance this case.  Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal.  Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate given Plaintiff's failure to appear before the Court.  It would be futile to recommend a lesser sanction because it would not compel Plaintiff to take the necessary steps to comply with the Court's prior orders or prosecute this action.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh heavily in favor of dismissal, and under the particular facts of

this case, the Court concludes that dismissal of this action with prejudice is appropriate.

CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order and cooperate in discovery.  All deadlines and hearings are VACATED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 5, 2016.

_____
Richard L. Puglisi
United States Magistrate Judge

**DAVIS V. LAHAINA CRUISE CO., INC., ET AL., CIVIL NO. 16-00131 ACK-RLP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION**